[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 16, 1997
I
FACTS
On June 19, 1995, the plaintiff, Chipley Associates, Ltd. a Connecticut corporation, filed a mechanic's lien on the property of the defendant, Ronald Holmes. The lien was filed for goods and services employed by the plaintiff on Holmes's property for which the amount due remains partially unpaid.
On June 17, 1996, the plaintiff commenced its first action to CT Page 6755 foreclose the mechanic's lien. On September 23, 1996, Holmes successfully moved to dismiss the first cause of action for improper service of process.
The plaintiff filed the current action to foreclose the mechanic's lien on November 27, 1996, against the defendants, Ronald Holmes and People's Bank. The plaintiff bases jurisdiction on the accidental failure of suit statute, General Statutes §52-592. Holmes filed a motion to dismiss the plaintiffs complaint on January 8, 1997.[1]
 II
DISCUSSION
 A
Motion To Dismiss
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); Practice Book § 143.
"Preliminarily, it is important to note that, as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense. . . . The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore [s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment. . . . This issue, however, has been decided on a motion to dismiss in a number of superior court cases. . . ." (Citations omitted; internal quotation marks omitted.) Young v. Mukon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538420 (November 15, 1994, Hennessey, J.) (13 CONN. L. RPTR. 8). In the present case, the plaintiff has not objected to the motion to dismiss on this procedural ground. Accordingly, the court will decide the motion to dismiss on the merits.
B CT Page 6756
Accidental Failure of Suit Statute
The defendant, Holmes, claims that the plaintiff's failure to use a process server authorized by General Statutes § 52-50
in the original cause of action prevents the application of the accidental failure of suit statute. This is because the defective service of process in the original case was not "due to unavoidable accident or the default or neglect of the officer to whom it was committed," as required by General Statutes §52-592. The plaintiff interprets the above language from the accidental failure of suit statute as placing requirements only upon failures concerning the return of the writ and not failures in the service of process.
General Statutes § 52-592, commonly known as the accidental failure of suit statute, provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
This court does not have to employ the rules on statutory interpretation in order to determine which parties' translation of General Statutes § 52-592 is correct. This court agrees with the numerous Superior Court cases which have applied the accidental failure of suit statute in accordance with Holmes's interpretation. See Eastern Plastics v. New England Oven Furnace Co., Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 375538 (October 27, 1995, Zoarski, J.) (15 CONN. L. RPTR. 343, n. 2) ("As an additional ground for dismissal, the defendant could have raised the argument that the insufficiency of service of process was not attributable to unavoidable accident nor due to the default or neglect of the sheriff, and thus not covered by the Accidental Failure of Suit statute."); see also Rongoe v. Darien Planning ZoningCommission, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137164 (January 5, 1995, Nigro, J.) (13 CONN. L. RPTR. 241) ("the issue is whether the insufficient CT Page 6757 service was due . . . to the default or neglect of the officer to whom it was committed") (Internal quotation marks omitted.); see also Nelson v. The Stop Shop Co., Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 307467 (May 7, 1992, O'keefe, J.) (6 CONN. L. RPTR. 410) ("When an action is brought pursuant to the accidental failure of suit statute on the basis of insufficient service, such insufficiency must be attributable to unavoidable accident or the default or neglect of the serving officer"); but see Gundersen v. Penn Central Corp.,
Superior Court, judicial district of Danbury at Danbury, Docket No. 318228 (December 29, 1994, Leheny, J.) (13 CONN. L. RPTR. 230) (holding that "`insufficient service,' without regard to the actions of the serving officer, is a viable ground enabling a party to avail itself of the operation of § 52-592"). If the failure of the prior case concerns insufficient service or the return of the writ, such failure must have been "due to unavoidable accident or the default or neglect of the officer to whom it was committed" in order to utilize the accidental failure of suit statute.
The plaintiff has not satisfied the requirements of General Statutes § 52-592, the accidental failure of suit statute. Therefore, this court lacks subject matter jurisdiction over the present action. Accordingly, Holmes's motion to dismiss is granted.
MINTZ, J.